Pei-De Tsai v JCHHB, Inc. (2024 NY Slip Op 06017)

Pei-De Tsai v JCHHB, Inc.

2024 NY Slip Op 06017

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Index No. 154173/23 Appeal No. 3138 Case No. 2024-03486 

[*1]Pei-De Tsai, Plaintiff-Appellant,
v
JCHHB, Inc., et al., Defendants-Respondents.

Rosenberg & Estis, P.C., New York (Bradley S. Silverbush of counsel), for appellant.
Himmelstein McConnell Gribben & Joseph LLP, New York (Serge Joseph and Vanessa Vecchiarello of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered May 14, 2024, which, inter alia, denied plaintiff's motion for summary judgment as to her causes of action for ejectment and declaratory judgment, denied plaintiff's motion for summary judgment dismissing the counterclaim of defendants JCHHB, Inc. and Jeremy Bernstein (tenant) for retaliation, granted tenant's cross-motion for summary judgment with respect to the affirmative defense that plaintiff rented the premises in violation of the building's certificate of occupancy and dismissed plaintiff's causes of action for ejectment and declaratory judgment, denied as moot tenant's cross-motion for summary judgment on the affirmative defense of retaliation, vacated its order that tenant pay use and occupancy during the pendency of the action, and ordered a hearing on attorneys' fees for tenant, unanimously affirmed, with costs.
Multiple Dwelling Law § 302(1)(b) bars not only an action to recover rent for a premises lacking a residential certificate of occupancy, but also bars an action or special proceeding for possession of the premises for nonpayment of rent (see Chazon LLC v Maugenest, 19 NY3d 410, 416 [2012]; Matter of GVS Props. LLC v Vargas, 172 AD3d 466, 466 [1st Dept 2019]). Here, plaintiff sought to terminate the tenancy after tenant stopped paying rent and initially instituted the action for the purpose of seeking rental arrears and use and occupancy. Plaintiff subsequently amended the complaint to add causes of action for ejectment and declaratory judgment only after tenant failed to vacate by the expiration date set forth in the notice of intent not to renew. Thus, tenant made out a prima facie case that the action was maintained to recover purported rental arrears and for possession of the premises due to the nonpayment of the alleged rent. Plaintiff failed to offer evidence of an alternative reason that possession was sought. Thus, summary judgment in favor of tenant dismissing plaintiff's causes of action for ejectment and declaratory judgment was proper and we need not reach the merits of tenant's affirmative defense and counterclaim for retaliation.
Plaintiff's argument that tenant's cross-motion to vacate the use and occupancy order pursuant to CPLR 2221 should be denied as procedurally improper is unavailing. Tenant did not move for leave to reargue or renew pursuant to CPLR 2221(d) or (e). Rather, tenant moved to vacate or modify the order pursuant to CPLR 2221(a). There is no time limit or other specific procedural requirements for motions to vacate or modify a court's order, and the court properly granted the motion, vacating the order.
Finally, as the prevailing party, tenant is entitled to attorneys' fees based on its reciprocal right to those fees where the lease provides that plaintiff may recover them (see Real Property Law § 234; 25 E. 83 Corp. v 83rd St. Assoc., 213 AD2d 269, 269 [1st Dept 1995]).
We have considered plaintiff's remaining arguments [*2]and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024